[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: DEFENDANT'S MOTION TO STRIKE FACTS
Before the court is the defendant Allstate Indemnity Company's motion to strike counts three, four, seven and eight of the plaintiffs' complaint.
On February 16, 2001, the plaintiffs, Rafael and Margarita Martinez, filed an eight count complaint against the defendants, Marie Elsie Thelusma, Anthony Williams and Allstate Indemnity Company (Allstate), stemming from an automobile accident that occurred on April 7, 1999.[1]
In the complaint, the plaintiffs allege that defendant, Thelusma, while negligently operating defendant, Williams' car, collided with a vehicle being operated by Rafael Martinez, in which Margarita Martinez was riding as a passenger. As a result of the accident, the plaintiffs claim to have suffered injuries and damages. On the date of the accident, both Thelusma and Williams were uninsured. Rafael Martinez had a contract with Allstate for automobile insurance and Margarita Martinez, as a passenger, was a covered person pursuant to the provisions of the insurance policy. The policy provided coverage for uninsured motorist benefits.
The plaintiffs claim that pursuant to the terms of the insurance contract, Allstate is legally obligated to compensate them for the injuries and damages they sustained in the motor vehicle accident with the uninsured motorist. The plaintiffs' eight count complaint alleges breach of contract against Allstate (counts one and five), negligence against Thelusma and Williams (counts two and six), breach of the implied covenant of good faith and fair dealing against Allstate (counts three and seven), violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., against Allstate (counts four and eight) and violations of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., against Allstate (counts four and eight). Each plaintiff requests relief by way of "money damages, interest on medical expenses and property damage, reasonable attorney's fees and costs as provided under common law, CT Page 13248 punitive damages and equitable relief as deemed necessary or proper, costs and reasonable attorney's fees under CUTPA, other relief the court deems proper and costs and interest."
On April 19, 2001, Allstate filed a motion to strike counts three, four, seven and eight of the plaintiffs' complaint and the plaintiffs' claims for relief that arise therefrom. Allstate filed a memorandum of law in support of its motion, in which it argues (1) the counts at issue are premature and improper prior to the resolution of the plaintiffs' underlying claims of breach of contract and negligence and (2) the CUTPA and CUIPA counts should be stricken for the additional reason that the plaintiffs fail to allege that the acts that form the basis for these counts constitute a "general business practice" as required pursuant to the provisions of CUTPA and CUIPA.
On May 29, 2001, the plaintiffs filed an objection to Allstate's motion to strike and a memorandum of law in opposition. The plaintiffs argue that (1) a claimant seeking uninsured motorist benefits is not required to obtain judgment against the tortfeasor before bringing suit against an insurer for bad faith and violations of CUTPA and CUIPA; (2) the plaintiffs sufficiently allege CUIPA violations and (3) because the plaintiffs sufficiently allege CUIPA violations, they may assert causes of action under CUTPA to enforce the CUIPA violations.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of a trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.) Lombard v. EdwardJ. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). "Practice Book . . . § 10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment,244 Conn. 296, 325, 709 A.2d 1089 (1998).
 I. PREMATURITY
The primary issue before the court is whether the plaintiffs can assert the causes of action contained in counts three, four, seven and eight of CT Page 13249 their complaint prior to the resolution of their underlying claims of breach of contract against Allstate and negligence against Thelusma and Williams. Allstate argues that the underlying claims must be resolved before the plaintiffs can bring an action against Allstate for breach of the implied covenant of good faith and fair dealing or violations of CUTPA and CUIPA and that counts three, four, seven and eight of the plaintiffs' complaint are therefore premature. In response, the plaintiffs contend that a claimant seeking uninsured motorist benefits is not required to obtain a judgment against the tortfeasor before bringing suit against an insurer for breach of the implied covenant of good faith and fair dealing or violations of CUTPA and CUIPA and thus the counts at issue are not premature.
Although the issue of prematurity has not yet been addressed by the Connecticut Supreme or Appellate Courts in this context, the Superior Court has addressed this issue on numerous occasions. The majority of Superior Court decisions hold that a plaintiff can assert a cause of action of bad faith or a violation of CUTPA or CUIPA before obtaining a judgment against the tortfeasor on the underlying claims of breach of contract and negligence. See Serrano v. Allstate Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 336691 (April 17, 1998, Skolnick, J.) (21 Conn. L. Rptr. 304). Moreover, "this court has previously held that the determination of liability and tangential claims of bad faith, intentional infliction of emotional distress, CUTPA violations, and negligence are properly brought in concert with one another." Palmer v. Allstate Indemnity Company, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick, J.). "[T]here is no valid reason to await the outcome of the breach of contract claim before proceeding with the statutory claims. Moreover, recent superior court decisions have permitted such actions to proceed simultaneously." Smith v. AllstateIndemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 354137 (November 30, 1999, Melville, J); see alsoJones v. Safeco Insurance Company of Illinois, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357614 (April 28, 1999,Melville, J.); Zamary v. Allstate Indemnity Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 058618 (June 10, 1998, Corradino, J.).
As explained by the court in Khanthavong v. Allstate Insurance Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 324502 (December 3, 1996, Levin, J.), "[a] rule precluding insurer liability for bad faith where the issue of liability has not yet been resolved is appropriate in those states where an insured is required to secure judgment against the uninsured motorist before being entitled to uninsured motorist benefits. In Connecticut, there is no such requirement CT Page 13250 that a claimant who seeks uninsured motorist benefits must first obtain a judgment against the tortfeasor. . . . [T]here is no existing reason in our substantive or procedural law that would require a victim of a breach of a contractual covenant of good faith and fair dealing or a CUTPA violation, after establishing an underlying breach of contract following years of litigation to institute a new lawsuit and be delayed additional years to be made whole. [T]he general policy of our law . . . favors as far as possible the litigation of related controversies in one action." (Citations omitted.)
Therefore, under Connecticut law, the plaintiffs are not required to resolve their underlying claims of breach of contract and negligence before bringing a cause of action alleging a breach of the implied covenant of good faith and fair dealing or violations of CUTPA and CUIPA against Allstate. Therefore, counts three, four, seven and eight are properly before the court.
II. CONNECTICUT UNFAIR INSURANCE PRACTICES ACT (CUIPA)
Having determined that counts three, four, seven and eight of the plaintiffs' complaint are not premature, the next issue is whether the plaintiffs sufficiently allege that Allstate violated provisions of CUTPA and CUIPA in the handling of their uninsured motorist claim. In these counts plaintiffs allege that: Allstate refused to make any offer to compensate them for all damages recoverable under law; Allstate failed to tender any payment for each plaintiff's loss as covered by the insurance policy in a timely manner (despite knowing that the plaintiffs were entitled to compensation by Allstate in settlement of the claim); Allstate failed to tender any payment on the plaintiffs' claims, although Allstate had sufficient information within its possession to justify or substantiate such payment; Allstate failed to fully and fairly investigate the factual validity of the plaintiffs' claims, or effectuate a prompt, fair and equitable settlement thereof although the amount owed was reasonably clear; Allstate failed or refused to timely provide the plaintiffs with a reasonable explanation of the basis for its denial of their claims; and Allstate engages in a blanket policy of denying all claims classified as minor impact, soft tissue cases because such claims involve minimum property damage. The plaintiffs argue that these actions as well as the policies Allstate employed in handling the plaintiffs' uninsured motorist claim violate CUIPA, General Statutes §§ 38a-816
(1), 38a-816 (15) and 38a-815 and CUTPA, General Statutes § 42-110b(a).
Allstate argues that the CUIPA and CUTPA counts should be stricken because the plaintiffs fail to assert that Allstate's alleged acts of misconduct were committed with such frequency as to constitute a "general business practice," as required pursuant to the provisions of both CT Page 13251 statutes. The plaintiffs do claim, however, that Allstate engages in a policy of treating all minor impact soft tissue (M.I.S.T.) cases as having little or no value rather than individually evaluating each case on its merits, and that said policy violates the covenant of good faith and fair dealing binding upon Allstate. This claim, it would appear, would satisfy the requirement of alleging a general business practice. Nevertheless, the plaintiffs respond that pursuant to §§ 38a-816 (1), 38a-816 (15) and 38a-815, allegations of single acts of misconduct are legally sufficient to support a cause of action pursuant to CUTPA and CUIPA. Furthermore, the plaintiffs contend that because they sufficiently allege CUIPA violations, they may assert a cause of action under CUTPA to enforce the CUIPA violations.
Allstate is correct in its assertion that in order to bring a legally sufficient claim arising from violations of § 38a-816 (6), the plaintiffs are required to allege and prove that the acts complained of occurred with such frequency as to constitute a "general business practice." "[A] CUTPA claim based on an alleged unfair claim settlement practice prohibited by § 38a-816 (6) [requires] proof, as under CUIPA, that the unfair settlement practice [has] been committed or performed by the defendant with such frequency as to indicate a general business practice." (Internal quotation marks omitted.) Lees v. MiddlesexInsurance Co., 229 Conn. 842, 850, 643 A.2d 1282 (1994). This assertion is misplaced in this case however, because the plaintiffs do not allege that Allstate violated § 38a-816 (6). Instead, the plaintiffs allege that Allstate violated §§ 38a-816 (1), 38a-816 (15) and 38a-815.[2]
Pursuant to these sections, the plaintiffs are not required to allege that Allstate's acts of misconduct occurred with such frequency as to constitute a "general business practice."
"Superior Court decisions have consistently held that if the language of a subsection of § 38a-816 does not require a plaintiff to prove that the defendant engaged in multiple acts, then single instances of misconduct will suffice to state a cause of action under that subsection." Turner v. Allstate Insurance, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 177471 (December 8, 2000, Mintz, J.). A plaintiff bringing claim under § 38a-816 (1) is not required to allege that the defendant engaged in more than a single act of misconduct for the claimed violation to be legally sufficient.Holleran v. Nationwide Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340967 (September 5, 1997, Skolnick,J.). Similarly, a plaintiff bringing claim under § 38a-816 (15), need not allege more than a single act in violation thereof. Palmer v.Allstate Indemnity Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 365117 (January 27, 2000, Skolnick, J.) (26 Conn. L. Rptr. 342). "As a result, the plaintiffs are not required to CT Page 13252 allege the defendant's acts constituted a "general business practice' under § 38a-816 (1) and (15)." Turner v. Allstate Insurance, supra, Superior Court, Docket No. 177471.
The plaintiffs' complaint sets forth specific examples of Allstate's alleged acts of misconduct in refusing to settle or negotiate their claim for uninsured motorist benefits. Upon viewing these allegations in the light most favorable to the plaintiffs, the facts contained in the complaint sufficiently allege a cause of action for a violation of CUIPA.
III. CONNECTICUT UNFAIR TRADE PRACTICES ACT (CUTPA)
Having determined that the plaintiffs have alleged a legally sufficient violation pursuant to CUIPA, the final issue before the court is whether the plaintiffs sufficiently allege that Allstate violated CUTPA. As stated by the Connecticut Supreme Court in Mead v. Burns, 199 Conn. 651,663, 509 A.2d 11 (1986), "it is possible to state a cause of action under CUTPA for a violation of CUIPA. . . ." (Internal quotation marks omitted.) This proposition is followed by the Superior Court. "The plaintiff has sufficiently alleged a violation of CUIPA, and such violation may also form the basis for a violation of CUTPA." Palmer v.Allstate Indemnity Co., supra, Superior Court, Docket No. 365117, citingMead v. Burns, supra, 663-66. Because the plaintiffs sufficiently allege that Allstate violated CUIPA, their allegations are legally sufficient to form the basis of the claim that Allstate also violated CUTPA.
Accordingly, Allstate's motion to strike counts three, four, seven and eight of the plaintiffs' complaint is denied. Therefore, Allstate's motion to strike the plaintiffs' requested prayers for relief arising from these counts is denied because the relief sought can be legally awarded.
Skolnick, Judge